### ZIELEY v. PALLISER.

(Supreme Court, General Term, Second Department. July 27, 1894.)

MEASURE OF DAMAGES—FALSE REPRESENTATIONS.

Where a person bought practically all the stock in a company on the false representations of the seller as to the property owned by the company, the buyer's measure of damages was the difference between the actual value of the property of the company and the purchase price.

Appeal from circuit court, Kings county.

Action by David Zieley against George Palliser on a promissory note. From an order setting aside a verdict in favor of defendant, and granting a new trial, defendant appeals. Reversed on condition.

Defendant set up, as a counterclaim, that the note had been given in payment for $30,000 of the capital stock of the Gilbert Hardware Company, all of such stock which had been issued except $1,000; that in order to induce such purchase the plaintiff made certain false and fraudulent representations; and that defendant had sustained greater damages by reason of the deceit practiced than the amount of the note.

Argued before BROWN, P. J., and DYKMAN and CULLEN, JJ.

George W. Stephens, for appellant.

William G. Cooke, for respondent.

BROWN, P. J. This action was to recover upon a promissory note of $2,000, given in payment of the purchase price of stock in the Gilbert Hardware Company. The answer was a counterclaim for damages arising from misrepresentation concerning the property owned by the company. The jury having rendered a verdict for defendant, and thus assessed the damages at a sum equal to the amount of the note, the court set the verdict aside on the ground "that the

·evidence affords no basis for ascertaining the damages sustained, by reason that the goods manufactured by the company were not cov- ·ered by any patents." The representation which induced the pur- chase of the stock by the defendant, and which the jury found was ·false, was that the corporation owned and controlled patents under which it manufactured its goods. Two thousand dollars had been ·expended on machinery by the company, and this constituted sub- stantially all the property it had. After defendant ascertained that the corporation had no patents upon the goods it manufactured, he ·loaned it $1,100, and took a mortgage upon its machinery; and when the business failed the mortgage was foreclosed, and defendant pur- ·chased the property. He testified that he still owned it, and that it was not worth to exceed $500. This sum fairly represented the value ·of his stock, and the jury would have been warranted in assessing the damages at the difference between that sum and the amount of the note, but not at any greater sum. If the appellant stipulates within 20 days to reduce the damages to the sum of $1,500, and for judgment against him for $500, the order will be reversed, with- ·out costs, but upon failure to file such stipulation it must be affirmed, ·with costs to abide the event. All concur.